The last case on the calendar is United States of America v. Paul Lee. The last case on the calendar is United States of America v. Paul Lee. Are we waiting for counsel for the United States? Ms. Rosella, you're on mute. Are you prepared to proceed? Yes, Your Honor. Okay, thank you. Good morning, Your Honors, and may it please the Court. This successive prosecution violates the Double Jeopardy Clause because Mr. Lee was prosecuted and convicted for solicitation, and he is now being prosecuted for attempted production based solely on solicitation. This kind of successive prosecution is what the Double Jeopardy Clause aims to protect against. The government will not need to prove any new elements it did not present to the last jury. Last time, the government sought to prove solicitation that Mr. Lee made a notice seeking to produce child pornography. This time, the government does not need to prove anything more than that he solicited the same child pornography. As this Court emphasized in Kniff 2, 2251A's prohibition extends not only to those who solicit minors for sex, but also to those who ask for nude photos. Here, the government chose which charges to pursue against Mr. Lee and the original prosecution. The United States is the author of its own misfortune. The Double Jeopardy Clause does not allow it to get a do-over to prove the same facts to satisfy the same elements it set out to prove the last time. Mr. Lee endured the personal strain and public embarrassment of a criminal trial, and his acquittal does not erase his previous prosecution, nor can it cure what would otherwise be a Double Jeopardy problem. Let me ask you a hypothetical question. So the way I view this case is your client effectively won on appeal, right? He won Kniff 2, and so on the basis of Kniff 2, his conviction was overturned. Had he actually done that, had he actually appealed to our circuit and we had reversed his conviction based on Kniff 2 and remanded, could the government have initiated a new prosecution against him on these other counts? Your Honor, I believe the government could have re-prosecuted this same count. They could have re-prosecuted 2251D because it wouldn't be a true new prosecution if he had appealed and then it was sent back down. However, what happened here is that he was acquitted. The district court did not flesh out or analyze at any length whether or not Kniff 2 absolutely demanded an acquittal because the government didn't oppose the acquittal. And the government did not immediately automatically believe that an acquittal was necessary based on Kniff 2 because initially they asked for even additional time to decide whether they would oppose the acquittal. So it's not the case that as soon as Kniff 2 happened, the government automatically agreed that Kniff 2 demanded an acquittal here. And giving the government another chance to prove those exact same facts... Here's the issue that I have. I mean, you're saying giving the government another chance to prove the same facts. I mean, the facts were proven. He was convicted. He was acquitted after the fact only because of the law, right, which said that he shouldn't have been convicted because the statute didn't reach his conduct. How does it violate the double jeopardy clause to then prosecute him for something that his conduct... I'm sorry, that his conduct actually does violate the statute, assuming that's the case? Yes, Your Honor, and it's for the same reason that if the government had charged someone with, say, first degree murder, and they weren't able to prove that, they didn't quite prove that because they didn't prove all the necessary elements. They could not then come back again and prosecute for manslaughter. So yes, it's true that they proved... Yeah, that's only true in two circumstances, right? And correct me if I'm wrong, but I mean, that's only true if it meets the Blockburger test, right, and the same elements are at issue, or if there's an issue of res judicata or collateral estoppel, right? So if you prosecute me for murder and I win, and the jury says not guilty, and the jury has determined that there was not a proof beyond a reasonable doubt that I killed someone, then yeah, you can't come back and prosecute me again, but that's because of res judicata or collateral estoppel. And then the only question of double jeopardy is Blockburger test, right? Yes, Your Honor, and Blockburger asks whether each offense contains an element the other does not, or put another way, whether each offense requires proof of a fact that the other does not. And here the government's recent 28J filing simplified this issue considerably. In arguing that attempted production does not require communication, it implicitly concedes that offenses are the same under Blockburger, because previously the government's brief argued only that each offense required a particular type of communication. The other did not, persuasion or enticement under attempted production versus notice under solicitation. And if true, that would have made them different offenses under Blockburger. But now, if attempted production does not require a communication, and solicitation does, and a solicitous communication is sufficient to establish attempted production, then attempted production does not require proof of any fact beyond solicitation. Thus, the offenses are the same under Blockburger. Well, I mean, but I think, just correct me if I'm wrong, but I mean, the government has disclaimed its previous argument that it was used to convict Mr. Lee earlier. I mean, now they're arguing that these are two separate, distinct issues, right? Well, Your Honor, they are arguing that the offenses are distinct. However, initially, that distinction was based on the type of communication. So they said after CONIF 2, notice required communication of more than one person, or I guess, you know, that's what the law had always been, they argue. And 2251A, attempted production required persuasion or enticement, but their 28J filing then said that actually 2251A, attempted production does not require a communication at all. But haven't we said that 2251A and 2251D have always required, quote, proof of an additional fact, which the other did not, which is Hassoun, quoting Blockburger? I'm sorry, Your Honor, I'm not sure if I understand your question. Are you asking, has this court specifically held that 2251A and 2251D are separate offenses? I mean, my understanding is that 2251D has a different element requirement, that it requires proof that the defendant made, printed, or published any notice or advertisement, whereas 2251A does not. Correct, Your Honor. So that's where kind of the tension between the government's previous briefings and their 28J lies, because now, if they are contending, and if this court agrees that 2251A does not require a communication for purposes of the analysis, then it doesn't matter that 2251D does require a notice because each offense has to have an element, the other one does not. So if we look at it as that 2251A does not require a communication, then 2251D requires a communication and 2251A does not, but 2251A then does not have an additional element beyond that required in 2251D, because previously in the briefing, that additional element was the persuasion and enticement. So to the extent that that's not required, then 2251D might have an element that 2251A does not, that is the notice, but the reverse is not true. Alternatively, if contained or required for purposes of Blockburger includes alternative means, then each offense involves a type of communication, and then the question for the court to decide is whether those types of communication each required a proof that the other fact did not when Mr. Lee was tried, and that aligns with the government's previous argument. So to answer that question, the court must decide whether to look at binding precedent establishing the elements of solicitation at the time Mr. Lee stood in jeopardy, or whether to look at the prosecution through the lens of CUNF II. If attempted production required a persuasive or enticing communication, so more than a mere request or offer, and if notice required a communication made to more than one person, the offenses would be different under Blockburger. The government contends that CUNF II establishes that notice requires a communication made to more than one person, not only for future cases, but for purposes of retroactively evaluating the offense Mr. Lee was actually tried for. The statute's been the same the whole time, right? I didn't mean to yell at the microphone. I'm sorry, but the statute's been the same the whole time, right? I mean, it's not as if the statute has changed. It's just that the government and the district court were interpreting the statute incorrectly in this gentleman's first trial, and then he won after he was convicted and got his conviction overturned. And so now he's not convicted anymore, and the government wants to prosecute him under a theory that makes sense. Why does it matter what the government thought and what the district court thought incorrectly the statute meant at the time of his first trial? Yes, Your Honor. And the reason that it matters is because this isn't a situation where just the state of the law was unclear regarding that element. It's a situation where that was clearly established that for purposes of the law in the 11th Circuit that more than a one-on-one communication was not required under notice. CUNF I clearly established that. So even though, yes, it wasn't technically a change of the law, it still is the same for – that is still, in fact, the offense that he stood in jeopardy for. Let's assume that CUNF I, instead of it being that CUNF I was then overruled by CUNF II, let's just say CUNF I, there's a cert petition taken, and then the Supreme Court takes a year or so to get around a ruling. And so the same event occurs. It's just the same case. The Supreme Court overrules CUNF I. Would you say we had to look at our previous precedent that was overruled by the Supreme Court as to say what the law was at the time of the prosecution instead of the Supreme Court's decision in the same case overruling our precedent? Your Honor, I see my time has expired. May I answer your question? You may. I think that you have – that this court should look at the offense that it was actually under the established law at the time. Whether that law was established by the Supreme Court or whether it was established by 11th Circuit precedent, the court should look at how the elements were actually understood at the time the individual here, Mr. Lee, stood in jeopardy. And any ambiguity as to that should be construed in favor of Mr. Lee under the rule of lenity. Thank you, counsel. You have additional – you have five minutes remaining for rebuttal. We're going to hear now from the government. Good morning, Your Honors, and may it please the court. Holly Gershow on behalf of the United States. This court has articulated a very simple test for determining if two offenses are the same under Blockburger or if they're different. And that test is an offense is different if there's a scenario in which a hypothetical defendant could be convicted of one section without being convicted of violating the other statute. We have that here, starting with Section 2251D. A defendant can commit that offense by making a notice or advertisement for child pornography that already exists. This would not violate Section 2251A because it would not require proof that the defendant employed, used, persuaded, induced, enticed, or coerced a child to engage in sexually explicit conduct for the purposes of creating a visual depiction of that conduct. Nor would this constitute a violation of – I'm sorry. Nor would this count as an attempted violation of 2251A because since the child pornography already exists, the defendant could not have taken a substantial step towards the enticement or inducement or use of the child to create a visual image for the – or to engage in sexually explicit conduct for the purposes of creating child pornography. Now turning to Section 2251A, a defendant can commit that offense by secretly recording a child going to the bathroom, by recording the sexual abuse of an infant, or by person-to-person communications requesting sexually explicit photos from a minor. None of these would constitute a violation of 2251D because there would be no notice or advertisement. So I think these examples make perfectly clear that these offenses, 2251D, which is the solicitation of child pornography, and 2251A, which is the production of child pornography, are not the same offenses. My friend's arguments are really just that in this particular case, this defendant was tried for the same conduct twice. But this Court has made clear, and the Supreme Court has made clear, that this is – the double jeopardy analysis does not hinge on the conduct as alleged in the indictment. It doesn't even hinge on the elements as set forth in the indictment. It hinges on the statutory elements of the offense. And here, these statutory elements each require proof of the fact that the other does not. I would invite the Court's questions. Here's the reason I think – I mean, just my supposition about why this case is where it is, is because it seems like a problem that the government prosecuted this person, and then won, and then effectively lost on appeal. You know, effectively lost once CANF II came out. And then having lost, just went back and prosecuted him again. If the double jeopardy clause isn't what prevents that kind of ad seriatim prosecution, you know, you prosecute him once, you lose, then you go back, you prosecute him again. You just keep prosecuting the guy until you win. What is it that prevents that kind of thing from happening? That can sometimes be prevented based on a vindictive prosecution under the due process clause. But this Court – that's not obviously the issue here. But also, this Court has said this is different because the defendant did not exercise his right to appeal. A different defendant exercised his right to appeal. And so there would be no presumption of vindictiveness here. But even if there had been a presumption of vindictiveness here, that can be rebutted by showing that there's a legitimate reason for prosecuting the defendant twice. And that legitimate reason for prosecuting the defendant twice is, the United States reasonably relied on CANF I at the time that it was indicting this case, and then the courts who responded reversed it. So we understand that that's the law in this circuit, but there's still a 14-year-old victim in this case who has not received justice. And that is the reason why we are continuing to prosecute this case, is to get justice for the victim in this case. If there are no other questions, I would ask that the Court – oh, I did want to make one additional point, and this is really just about our seeking additional time to evaluate CANF II, in this case, in light of CANF II. And that was not because we had doubts about whether or not we could prosecute this defendant again. It was simply because we were determining, as this Court knows, we have to seek permission when we get an adverse decision from the Solicitor General's office about whether we're going to seek further review or cert. And we had to wait until after we got that decision from the Solicitor General's office before we could proceed. And once we got permission to proceed in this case, or to not challenge this Court's ruling in CANF II, then we could proceed in this case. It had nothing to do with any sort of improper motive or doubt in our minds about the validity of this prosecution. If this Court has no further questions. Can I ask a quick question? So, am I correct that this is an interlocutory appeal? That is correct. Okay, so has anything happened? And what's going on at the District Court, if anything? The case has stayed pending. Okay. And to your point about vindictive prosecution, I checked, and that would not be an interlocutory appeal decision. They did move to dismiss on both grounds. And so, at the conclusion of the case, if they did want to appeal the vindictive prosecution ruling, they could do so then. Thank you, Your Honors. And I would ask that the Court affirm the order of the District Court. Thank you, Counsel. Ms. Fussell, you may have five minutes remaining. Thank you. Thank you, Your Honor. So, I do want to point out, right from the start, that the government characterized 2251A, attempted production of child pornography, as something that could not deal with preexisting child pornography. But the authority that the government pointed to in its most recent 28J letter tells us that the authority is otherwise in the 11th Circuit, in the United States v. Holmes. So, the offenses cabineted under 2251A, the requirement is that they use a child. One of the alternatives is that they use a child. So, that doesn't have to be done prospectively, that the defendant then affirmatively engages the child in some way. This Court held in United States v. Maxwell that duplicating child pornography is producing child pornography. So, if you edit a preexisting image, or if you duplicate it, or as this Court has also held, if you direct a file transfer, those are all means of production that can deal with preexisting child pornography that would still be producing child pornography. So, it's not the case that whether or not child pornography is preexisting somehow distinguishes the two offenses. Either one can be with preexisting child pornography or soliciting the production of new child pornography, which is shown in PNF 2 and in this case. Under both circumstances, there was the issue of soliciting production of child pornography. So, at their core, the solicitation of production of child pornography and the attempted production of child pornography itself, those are indistinguishable. And any time where you have multiple alternative means, complex ways of violating statutes like you have with these two offenses here, there is going to be some difficulty comparing the elements for that reason. And that's kind of been highlighted in the briefing here. But here, the alternatives that are at issue here, you have a situation where someone was already prosecuted for attempted solicitation to produce child pornography and is now being prosecuted for attempted production of child pornography for that same exact solicitation. And those are functionally, practically, and under Blockberger, the same offense. And if there are no other questions, then we would conclude and ask that this court reverse the district court's decision on the motion to dismiss below. Thank you, Ms. Fussell. Thank you very much for everyone who argued today. And we're going to take the matters under advisement. And the court will be recessed until tomorrow morning.